

**U.S. Department of Justice**

*Office of the United States Trustee*
*District of New Jersey*

| | |
|---|---|
| One Newark Center | (973) 645-3014   Telephone |
| Suite 2100 | (973) 645-5993   Facsimile |
| Newark, New Jersey 07102 | |

April 1, 2010

Honorable Novalyn L. Winfield
United States Bankruptcy Judge
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Subject:      Progressive Fitness & Recreation, LLC
                    Chapter 11 Case No. 10-18177(NLW)

**Objection to Debtor's Application for Order Approving Employment of the Law Firm of Ronald I. LeVine as Attorney for the Debtor**

Dear Judge Winfield:

Please accept this letter as an objection to the Application (the "Application") filed by the above referenced Debtor (the "Debtor") to retain the law firm of Ronald I. LeVine, Esq. to serve as attorney for the Debtor.

At docket entry 10, the Debtor filed the Application, which consists of (1) an Application for Order Approving Employment of Attorney, (2) a proposed form of Order Approving Employment of Attorney, and (3) a Certificate of Insurance.

Although the Application is signed by Ronald I. LeVine, Esq., to date, no Certification of Professional in Support of the Application has been filed.  There is no certification made by the proposed professional as to whether there are any disqualifying conflicts.  Moreover, the Application speaks to counsel's representation of the Debtor's principal, Robin McInerney.  While the Application seems to intimate that such representation was in the past-tense, in that counsel "has represented" Ms. McInerney, there is a lack of follow-up disclosures as to the present status of any continuing representation.

A proper certification or affidavit by the professional is critical to the approval of any debtor's retention of any professional.  Section 327(a) of the Bankruptcy Code only allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate, and that are disinterested persons."  One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding* Corp., 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a).  *See In re BH&P Inc*., 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel").  Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). *See, e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d at 141 (disqualified because not disinterested); *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having adverse interest).

Additionally, pursuant to the applicable Rule of Professional Conduct (likely either 1.7 or 1.9), an appropriate conflicts waiver must be executed.

Also, while the Application and form of order appear silent as to the filing of fee applications, any order entered should acknowledge such fee application process, similar to this Judicial District's form retention order.

Based on the foregoing, this Office respectfully asserts that the Application as presented must be denied.  It appears that additional documents must be filed before the Application can be considered; accordingly the Acting United States Trustee reserves all rights to supplement this objection.

Respectfully submitted,

Roberta A. DeAngelis
Acting United States Trustee
Region Three

*/s/ Peter J. D'Auria*
Peter J. D'Auria
Trial Attorney

cc: Ronald I. LeVine, Esq. (via facsimile)